UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Edgar Clifford Avery, Jr.
Plaintiff

-v-

New Hampshire Supreme Court ("NHSC"); J. Donovan, Judge;
Gordon MacDonald, Chief Judge of NHSC; Timothy Gudas, Clerk, NHSC,
Defendants, et al. All Defendants are sued in their individual
and official capacities

## PETITION FOR DECLARATORY JUDGMENT

Now comes the Plaintiff, Edgar Clifford Avery, Jr., and pursuant to The Declaratory Judgment Act, 28 U.S.C.S 2201 and any other applicable provisions, respectfully requests this Honorable Court to declare New Hampshire Supreme Court Rule 5(4) unconstitutional as applied to Plaintiff.

### PLAINTIFF

Edgar Clifford Avery, Jr is a prisoner of the State of New Hampshire and incarcerated at New Hampshire State Prison ("NHSP"). His address is PO Box 14, Concord, New Hampshire 03301.

J. Donovan: Gordon MacDonald are judges in NHSC. Timothy Gudas is Clerk of Court for NHSC. For purposes of this action, their address as well as NHSC are New Hampshire Supreme Court, One Charles Doe Drive, Concord, New Hampshire 03301.

## PRELIMINARY STATEMENT

1. On December 21,2020 Plaintiff filed in Merrimack Superior Court a Complaint under the Federal Civil Rights Act,42 U.S.C 1983. In the complaint he asserted that conditions of confinement at NHSP were unconstitutional to all prisoners confined at NHSP. For some of these conditions see Avery v Comm'r,N.H. Dep't of Corr., 173 N.H. 726 (2020. Defendants filed a motion to dismiss and the State court,(Kissinger,PJ) granted it without permitting Plaintiff to finish his response to the motion to dismiss.

Plaintiff alleges that the State courts were hostile to his Complaint and played fast and loose with his complaint and did wrongly dismiss his appeal to NHSP. Defendant Sununu wanted his former Attorney General Gordon MacDonald to fill the vacant seat in NHSC and become that Court's Chief Justice. However,many people as reported by newsmedias were opposed to MacDonald becoming a judge in the NHSC. Defendant Sununu did not have the confidence and votes from the Executive Council to have MacDonald fill the vancancy. So,Defendant Sununu kept open the NHSC's vacant seat for an extended period of time—until an election was had and he acquired the votes from the Executive Council to have MacDonald fill the vacant seat in NHSC.

It appears to Plaintiff,other prisoners,(and some citizens of NH communities),that the State courts were in a rush to have Plaintiff's lawsuit dismissed quickly by any means necessary. It also appears that from the moment Plaintiff's lawsuit was filed,it became infected with nasty politics. That his lawsuit,whether intentional or otherwise was manipulated and maneuvered for dismissal and sent to the dustbin,by and through acts and omissions of the named defendants.

Plaintiff's lawsuit, if not dismissed (wrongly), it could be an embarrassment and an obstacle for Defendant Sununu's political ambitions.

## FACTS

2. December 21, 2020 Plaintiff files his complaint in Merrimack Superior Court.

3. May 13, 2021 the superior court, (Kissinger, PJ) dismissed the complaint.

4. June 27, 2021 Plaintiff files an appeal in NHSC. <u>See Plaintiff's Notice of Appeal and the issues he raised in it, Appendix ("App."), pages 5-6, see also Motion for Recusal, app, page 7.</u> Plaintiff filed the motion for recusal because Defendant MacDonald was Sununu's former Attorney General. Plaintiff believed MacDonald had an actual conflict of interest or the appearance of a conflict of interest.

5. August 27, 2021, the NHSC, by and through acts of Defendant Donovan, dismissed Plaintiff's appeal by Donovan's order of August 27, 2021. The order of Defendant Donovan stated: "The plaintiff has not complied with the July 21, 2021 order. Consequently, the appeal is dismissed. See Rule 5(4). The motion for recusal is moot." <u>See Defendant Donovan's order of August 27, 2021, app., page 8</u>.

6. It was <u>impossible</u> for Plaintiff to comply with NHSC's order of July 21, 2021 because he <u>never received it</u>. This fact was confirmed by two (2) NHSP officials as well as NHSP records. Moreover, the NHSP officials and NHSP records showed the order <u>never entered</u> NHSP. On September 18, 2021, Plaintiff filed a Motion To Vacate Court's Order Of August 27, 2021 ("Motion"). The basis for the Motion was the fact Plaintiff never received the NHSC's order of July 21, 2021. <u>SEE Motion, app, pps 9-14</u>.

7. After not hearing anything from the NHSC regarding Plaintiff's Motion. On February 10,and July 16,2022,Plaintiff wrote to Defendant Gudas and asked what the status was of his Motion. Defendant Gudas did not answer the two letters.

8. Because Gudas would not answer Plaintiff's two letters. On August 23,2022 Plaintiff wrote to Defendant MacDonald and informed him that Defendant Gudas would not answer his letters. Plaintiff also informed MacDonald it had been eleven (11) months since his Motion was filed with the NHSC. Plaintiff asked MacDoanld to inform him as to the status of his Motion. Like Gudas,Defendant MacDonald did not answer the letter. SEE September 23,2022 letter to Gordon MacDonald,app,page 15.

9. September 26,2022 Plaintiff wrote a letter to Anthony Galdieri, Defendant Sununu's attorney. Plaintiff asked about his appeal in NHSC. Attorney Galdieri did not answer the letter. SEE Letter to Anthony J.Galdieri,app.pps 17-18.

10. Sometime after writing to attorney Galdieri. Plaintiff received from Merrimack Superior Court a "Case Summary" of his Civil Rights lawsuit. This was the first time Plaintiff became aware his appeal had been dismissed by NHCS on September 10,2022! SEE copy of Case Summary and Mandate,app,pps.18-26.

11. Until Plaintiff received Defendant Donovan's August 27,2021 order,he thought his appeal was still pending.

12. From the moment Plaintiff filed his lawsuit in State superior court and then his appeal. The State courts were hostile to his complaint. Denying his motion for class certification when he met all the requirements. Denying him a 7 day extension of time so he

could finish his pleading opposing the Defendant's motion to dismiss,and knowing Plaintiff was having serious side effects of COVID 19,having serious medical conditions which had caused him to be hospitalized on a few occassions. <u>SEE Plaintiff's issues raised in his appeal,app,pps 5-6</u>.

13. The entire manner in which the State courts have handled the Plaintiff's Civil Rights Complaint from beginning to end, was highly improper and is permeated with the pungent stench of dirty politics and corrupt acts.

14. The mishandling of Plaintiff's lawsuit by NHSC and the named Defendants has deprived him of his fundamental right of access to the courts. Such right secured to him by the Constitutions and Laws of both the United States and New Hampshire. Additionally, Defendants acts and omissions have rendered the Federal Civil Rights Acts,42 U.S.C 1983 meaningless and nugatory.

Moreover, Defendants acts and omissions have "seriously affect(ed) the fairness,integrity (and) public reputation of judicial proceedings." Quoting <u>United State v Olano,507 U.S. 725 (1993)</u>.

<u>FIRST CAUSE OF ACTION</u>

The acts and omissions of NHSC and the named Defendants violates Plaintiff's fundamental right of access to the courts guaranteed to him by the First,Fifth and Fourteenth Amendments to the United States Constitution.

<u>SECOND CAUSE OF ACTION</u>

The acts and omissions of the NHSC and named Defendants has made the Federal Civil Rights Act,42 U.S.C 1983 meaningless and nugatory to Plaintiff.

## THIRD CAUSE OF ACTION

NHSC Rule 5(4) is unconstitutional in its application to Plaintiff. In that it was wrongly used to dismiss Plaintiff's appeal and deprived him of his fundamental right of access to the courts.

WHEREFORE, based upon the above and foregoing, Plaintiff respectfully requests the Court for the following relief:

A) Declare that New Hampshire Supreme Court Rule 5(4) as applied to Plaintiff is unconstitutional.

B) Permit Plaintiff to file in this Court his Complaint under 42 U.S.C. 1983, nunc pro tunc. The complaint is attached to Plaintiffs Motion for Leave to File Complaint that is being filed concurrently with this Petition.

C) Grant such other and further relief the Court may deem just and proper.

May 10, 2023                                      Respectfully submitted,

*Edgar Clifford Avery, Jr.*
Edgar Clifford Avery, JR.
Post Office Box 14
Concord, New Hampshire 03301

APPENDIX

|   | PAGE |
|---|---|
| Notice of Appeal | 1-6 |
| Motion for Recusal | 7 |
| Judge Donovan's August 27,2021 order | 8 |
| Motion to Vacate Court's Order of August 27,2021 | 9-14 |
| August 23,2022 letter to Gordon MacDonald | 15 |
| September 26,2022 letter to attorney Anthony Galdieri | 16-17 |
| Case Summary and Mandate | 18-26 |

FILED - USDC -NH
2023 MAY 22 AM 10:51

May 17, 2023

Kellie Otis, Deputy Clerk
US District Court
District of New Hampshire
55 Pleasant St., Room 110
Concord, NH 03301-3941

Certified Mail Return
Receipt Requested

Dear Clerk Otis:

Enclosed for filing with the Court is my Petition For Declaratory Judgment and Motion For Leave To File Attached Complaint On This Court Nunc Pro Tunc. I have signed my name to the copy of the Complaint thereby making it an original.

Thank you for your assistance.

Sincerely,
Edgar E. Avery, Jr.

**CERTIFIED MAIL**

9589 0710 5270 0553 5492 37

NEOPOST
05/19/2023
US POSTAGE $011.40
FIRST-CLASS MAIL
ZIP 03301
041L11258963

Edgar Avery 66421
PO Box 14
Concord, NH 03301

Kellie Otis, Deputy Clerk
United States District Court
District of New Hampshire
55 Pleasant Street., Room 110
Concord, NH 03301-3941

PRIVILEGED CORRESPONDENCE

*"Mailed from the NH State Prison. Contents have not been evaluated. Not Responsible for content/substance."*