# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us
## RULE 7 NOTICE OF DISCRETIONARY APPEAL

This form should be used only for an appeal from a final decision on the merits issued by a superior court or circuit court in (1) a post-conviction review proceeding; (2) a proceeding involving the collateral challenge to a conviction or sentence; (3) a sentence modification or suspension proceeding; (4) an imposition of sentence proceeding; (5) a parole revocation proceeding; (6) a probation revocation proceeding; (7) a landlord/tenant action or a possessory action filed under RSA chapter 540; (8) an order denying a motion to intervene; or (9) a domestic relations matter filed under RSA chapters 457 to 461-A, except that an appeal from the first final order should be filed on a Rule 7 Notice of Mandatory Appeal form.

**1. COMPLETE CASE TITLE AND CASE NUMBERS IN TRIAL COURT**

Edgar Clifford Avery, Jr. v Chris Sununu, Governor, State of New Hampshire No. 217-2020-CV-00692

**2. COURT APPEALED FROM AND NAME OF JUDGE(S) WHO ISSUED DECISION(S)**

Merrimack Superior Court (Kissinger, PJ)

**3A. APPEALING PARTY: NAME, MAILING ADDRESS, E-MAIL ADDRESS, AND TELEPHONE NUMBER.**

Edgar Clifford Avery, Jr.
PO Box 14
Concord, NH 03301

E-Mail address: None
Telephone number: None

**3B. APPEALING PARTY'S COUNSEL: NAME, BAR ID NUMBER, FIRM NAME, MAILING ADDRESS, E-MAIL ADDRESS, AND TELEPHONE NUMBER.**

Pro se
PO Box 14
Concord, NH 03801

E-Mail address: ?
Telephone number: (603) 271-3650

**4A. OPPOSING PARTY: NAME, MAILING ADDRESS, E-MAIL ADDRESS, AND TELEPHONE NUMBER.**

Anthony J. Galdieri, Esq.
33 Capitol St
Concord, NH 03301-6397

E-Mail address: ?
Telephone number: (603) 271-3650

**4B. OPPOSING PARTY'S COUNSEL: NAME, BAR ID NUMBER, FIRM NAME, MAILING ADDRESS, E-MAIL ADDRESS, AND TELEPHONE NUMBER.**

Anthony J. Galdieri, Esq.
33 Capitol St.
Concord, NH 03301-6397

E-Mail address: ?
Telephone number: (603) 271-3650

Page 1 of 3

NHJB-2297-SUP (01/01/2020)



Case Name: Edgar Clifford Avery,Jr v Chris Sununu,Governor,NH,et al

**RULE 7 NOTICE OF DISCRETIONARY APPEAL**

5. NAMES OF ALL OTHER PARTIES AND COUNSEL IN TRIAL COURT
Helen Hanks,Commissioner,NH Dept.of Corrections
John Hanson,Administrator of Logistics and Services NHDOC
Bernice Campbell,Assit.Director,Medical &Forensic Services,NHDOC
Counsel Anthony J.Galdieri,Esq.

6. DATE OF CLERK'S NOTICE OF DECISION OR SENTENCING.
May 13 and 19,2021
DATE OF CLERK'S NOTICE OF DECISION ON POST-TRIAL MOTION, IF ANY.

7. CRIMINAL CASES: DEFENDANT'S SENTENCE AND BAIL STATUS
N/A

8. APPELLATE DEFENDER REQUESTED? YES or NO: X
IF YOUR ANSWER IS YES, YOU MUST CITE STATUTE OR OTHER LEGAL AUTHORITY UPON WHICH CRIMINAL LIABILITY WAS BASED AND SUBMIT A CURRENT REQUEST FOR A LAWYER FORM (FINANCIAL STATEMENT). SEE SUPREME COURT RULE 32(4).

9. IS ANY PART OF CASE CONFIDENTIAL? YES or NO: X
IF SO, IDENTIFY WHICH PART AND CITE AUTHORITY FOR CONFIDENTIALITY. SEE SUPREME COURT RULE 12.

10. IF ANY PARTY IS A CORPORATION LIST THE NAMES OF PARENTS, SUBSIDIARIES AND AFFILIATES.

11. DO YOU KNOW OF ANY REASON WHY ONE OR MORE OF THE SUPREME COURT JUSTICES WOULD BE DISQUALIFIED FROM THIS CASE? YES or NO: Yes
IF YOUR ANSWER IS YES, YOU MUST FILE A MOTION FOR RECUSAL IN ACCORDANCE WITH SUPREME COURT RULE 21A.

12. IS A TRANSCRIPT OF TRIAL COURT PROCEEDINGS NECESSARY FOR THIS APPEAL? SEE SUPREME COURT RULE 15, COMMENT.
YES or NO: X
IF YOUR ANSWER IS YES, YOU MUST COMPLETE THE TRANSCRIPT ORDER FORM ON PAGE 4 OF THIS FORM.

Case Name: _____

**RULE 7 NOTICE OF DISCRETIONARY APPEAL**

13. NATURE OF CASE AND RESULT (Limit two pages double-spaced; please attach or include.)
    For this section and section 14, you may choose to use the five-page, single-spaced Additional Information Pages form. The five-page Additional Information Pages form is available on the judicial branch website: https://www.courts.state.nh.us/supreme/forms/index.htm.

14. ISSUES ON APPEAL (Limit eight pages double-spaced; please attach or include.)
    You may choose to use the same five-page, single-spaced Additional Information Pages form identified in section 13.
    The New Hampshire Supreme Court reviews each discretionary notice of appeal and decides whether to accept the case, or some issues in the case, for appellate review. The following acceptance criteria, while neither controlling nor fully describing the court's discretion, indicate the character of the reasons that will be considered.

    1. The case raises a question of first impression, a novel question of law, an issue of broad public interest, an important state or federal constitutional matter, or an issue on which there are conflicting decisions in New Hampshire courts.
    2. The decision below conflicts with a statute or with prior decisions of this court.
    3. The decision below is erroneous, illegal, and unreasonable or was an unsustainable exercise of discretion.

    Separately number each issue you are appealing and for each issue: (a) state the issue; (b) explain why the acceptance criteria listed above support acceptance of that issue; and (c) if a ground for appeal is legal sufficiency of evidence, include a succinct statement of why the evidence is alleged to be insufficient as a matter of law.

15. ATTACHMENTS
    Attach to or include with this notice of appeal the following documents in order: (1) a copy of the trial court decision or order from which you are appealing; (2) the clerk's notice of the decision below; (3) any court order deciding a timely post-decision motion; and (4) the clerk's notice of any order deciding a timely post-decision motion.

    Do not attach or include any other documents with this notice of appeal. Any other documents you wish to submit must be included in a separate Appendix, which must have a table of contents on the cover and consecutively numbered pages.

16. CERTIFICATIONS
    I hereby certify that every issue specifically raised has been presented to the court below and has been properly preserved for appellate review by a contemporaneous objection or, where appropriate, by a properly filed pleading. To the extent that an unpreserved issue is raised as plain error, I hereby certify that I have specifically identified that issue as plain error in section 14.

    _Edgar C. Ahlquist, Jr._ (signature)
    Appealing Party or Counsel

    I hereby certify that on or before the date below, copies of this notice of appeal were served on all parties to the case and were filed with the clerk of the court from which the appeal is taken in accordance with Supreme Court Rules 5(1) and 26(2) and with Rule 18 of the Supplemental Rules of the Supreme Court.

    June 27, 2021                _Edgar C. Ahlquist, Jr._ (signature)
    Date                          Appealing Party or Counsel

NHJB-2297-SUP (01/01/2020)

③

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
http://www.courts.state.nh.us

Court Name: **New Hampshire Supreme Court**
Case Name: Edgar Clifford Avery, Jr. v Chrisununu, Governor, NH, et al
Case Number: 217-2020-CV-00692
(if known)

## ADDITIONAL INFORMATION PAGE
### NATURE OF CASE AND RESULT

In December 2020 Plaintiff filed a civil rights complaint under 42 U.S.C 1983. The action alleged that overcrowding and conditions of confinement were unconstitutional to numerous prisoners currently confined and to all future prisoners who may be incarcerated at New Hampshire State Prison. Defendants filed a Motion To Dismiss and the court, Kissinger, PJ grant it. This appeal follows.

Name of Filer: Edgar C. Avery, Jr.
Signature: Edgar Clifford Avery, Jr.   Date: 6/27/21
Law Firm, if applicable: None Pro se
Bar ID # of attorney:
Telephone: None
Address: PO Box 14
E-mail: None
City: Concord   State: NH   Zip code: 03301

## ISSUES ON APPEAL

1. The superior court, Kissinger, PJ abused his discretion when he denied Plaintiff's Motion To Join And/Or Motion For Class Certification of Plaintiff's civil rights complaint. The judge's decision was particularly erroneous because the case <u>clearly</u> called for class certification, meeting <u>every</u> requirement of superior court rule 16 as well as Federal Rule of Civil Procedure 23 governing class certification, which this Court uses as guidelines.

2. The judges decision denying Plaintiff's Amended Complaint Under The Civil Rights Act 42 U.S.C. 1983 ("Amended Complaint") was clearly improper. Under Rule 15(a) of the Federal Rules of Civil Procedure, a plaintiff has "an absolute right to amend (his) complaint once, at any given time, before the defendant has filed a responsive pleading." <u>James</u> v <u>Herson Assocs., Inc.</u> v <u>Glikman</u>, 343 U.S. App.D.C. 313; 229 F3d 277, 283 (D.C.Cir.2000)(citing Fed R.Civ.P. 15(a).

3. The judges' decision denying Plaintiff's Motion For a 7 day extension of time in order for him to finish preparing his Objection To Defendant's Motion To Dismiss was highly improper and/or erroneous for, but not limited, to the following reasons:

   a) Plaintiff has serious heart and other medical conditions that caused him great difficulty in preparing and finishing his Objection. Plaintiff's medical conditions were compounded by serious side effects he experienced from contracting COVID-19.

   c) Moreover, Defendant Helen Hanks agent Dr. Wendy Martin, was not providing Plaintiff medical treatment for ADHD. The failure to provide treatment aggravated Plaintiff's cardiac condition, AFIB, placing his life in danger, on some occassions, causing him to be hospitalized. All of these conditions, hampered, obstructed and denied Plain-



tiff his fundamental right of access to the courts.

4. It was improper in this particular action for the judge to deny Plaintiff's Motion For Appointment of Counsel because of but not limited to the following reasons:

   a) Plaintiff's civil rights complaint is complex and skilled representation is required to assure thorough and complete fact finding. This action requires skilled discovery, interrogatories, expert witnesses and skilled questioning and cross-examination, all of which are beyond the capacity of Plaintiff to fulfill. Moreover, discovery material, which would substantially prove Plaintiff's claims, were denied by Defendant and her agents for security reasons. More reason why counsel is needed in this action.

   b) This action is clearly one that needed to be certified as a class action as the serious unconstitutional conditions of confinement affects countless prisoners incarcerated now and in the future.

   c) Plaintiff met all of the conditions of superior court rule 16 and Federal Rule of Civil Procedure 23, which governs class certification. As such, counsel would have been needed had the judge certified the action as a class action.

5. The judge was also in error by denying Plaintiff's Objection To Defendant's Motion To Dismiss as the case should have been certified as a class action. As such, counsel would have been appointed and would have properly objected to the motion to dismiss.

Page 3 of 3

